UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO. 1:08-CV-28

**MARGUERITE S. OAKES**                                                            **PLAINTIFF**

**V.**

**COUNTRYWAY INSURANCE COMPANY**                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Plaintiff to remand this action to Todd County (Kentucky) Circuit Court. [DN 5]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion is **GRANTED**.

**I. FACTS**

The Plaintiff, Marguerite Oakes, a Kentucky resident, was injured in an automobile accident on April 15, 1999, in the state of Tennessee. At the time, the Plaintiff was driving her mother's vehicle with permission. The vehicle was insured with Cincinnati Insurance Company ("Cincinnati") and this policy included underinsured/uninsured motorist {"UIM") benefits. Plaintiff also had her own automobile insurance, which included UIM benefits, with the Defendant, Countryway Insurance Company ("Countryway").

On March 31, 2000, the Plaintiff brought an action in the state of Tennessee against the underlying tortfeasor, a Tennessee resident, and his mother, an Arizona resident. The Plaintiff also sued Cincinnati, an Ohio corporation, and Countryway, a New York corporation, for UIM benefits. On July 18, 2002, Plaintiff's claims against the tortfeasor and his mother were dismissed with prejudice and the claims against Cincinnati and Cincinnati were reserved. These remaining claims, however, were eventually dismissed for lack of prosecution.

On October 16, 2002, while her lawsuit was still pending in Tennessee, the Plaintiff filed suit against Cincinnati, Countryway, and Anthem Health Plans of Kentucky, Inc. ("Anthem"), a Kentucky corporation, in Todd County (Kentucky) Circuit Court. The basis of this lawsuit was the same as her Tennessee lawsuit: to recover medical expenses and pain and suffering damages from Cincinnati and Countryway based on their UIM coverage. The Plaintiff, however, also named Anthem as a Defendant stating that Anthem "claims to have subrogation rights against plaintiff's underinsured motorist benefits...and claims to have the right to cut off plaintiff's future health insurance benefits." (Plaintiff's Kentucky Complaint, DN 6, Ex. J, ¶ 20). The Plaintiff also claimed that Anthem had "wrongfully failed to pay certain claims by Plaintiff's medical providers, and Plaintiff is entitled to recover said costs." (Id,, ¶ 21). In its Answer and Cross-claim, Anthem asserted subrogation rights to any amounts recovered by the Plaintiff from Cincinnati and Countryway to the extent of the medical benefits provided to Plaintiff by Anthem. (DN 6, Ex. L). In its Answer, Anthem also asked that the Todd County Circuit Court to determine Anthem's rights to the $100,000 settlement obtained by the Plaintiff from the tortfeasor in the Tennessee action. (Id.).

On August 24, 2004, the parties mediated the Kentucky claims. As a result of that mediation, Cincinnati agreed to the pay the Plaintiff $ 250,000 to settle her UIM claim against Cincinnati and the Plaintiff agreed to pay Anthem $30,000 for a full release of any subrogation claims Anthem had against her. Plaintiff's UIM claims against Countryway, the only issues which remained in the case, were tried to a jury to determine the amount of Plaintiff's medical expenses and pain and suffering as a result of the April 15, 1999 Tennessee accident. The Court directed a verdict on the amount of special damages from the accident to be $259,708 and the jury valued Plaintiff's pain and

suffering at $240,000. (DN 6, Ex. O).

After the verdict, but prior to the final judgment, the Plaintiff filed a Motion to Amend her Complaint to assert wholly new and additional claims against Countryway. These new claims were not for UIM damages arising from the automobile accident, but were for claimed violations of the Unfair Claims Settlement Practices Act, K.R.S. 344.12-230; the Consumer Protection Act, K.R.S. 367.170; and common law bad faith and fraud. The Todd County Circuit Court granted this Motion to Amend on January 30, 2008 and the Amended Complaint was filed on February 7, 2008. On February 19, 2008, Countryway removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiff then filed the Motion to Remand that is now before the Court.

## II. ANALYSIS

The Plaintiff argues that removal is prohibited by 28 U.S.C. § 1446(b) since more than one year has passed since the commencement of the action in Todd County Circuit Court. The statute provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...
>
> **If the case stated by the initial pleading is not removable**, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that **a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action**.

28 U.S.C. § 1446(b) (emphasis added);

The Plaintiff contends that this language bars removal since the initial action filed by the Plaintiff in Todd County Circuit Court was not removable because there was not complete diversity

3

among the parties at that time: the Plaintiff was a Kentucky resident and Defendant Anthem was a Kentucky corporation. Defendant Countryway did not remove the case to federal court until nearly 5 ½ years after the case was initially filed. Countryway argues, however, that the above-cited statute does not preclude removal at this time because Anthem was fraudulently joined and, thus, the action was initially removable.[1],[2]

In Coyne v. American Tobacco Co., the Sixth Circuit clearly outlined how district courts should approach allegations of fraudulent joinder. 183 F.3d 488 (6th Cir. 1999). In Coyne, the court stated:

> When reviewing the denial of a motion to remand a case to state court, we first look to determine whether the case was properly removed to federal court. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996). When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. Indeed, "diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); accord Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806). In this regard, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." [Certain Interested Underwriters at Lloyd's v.] Layne, 26 F.3d at 41; Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (stating that "the party seeking removal bears the burden of establishing its right thereto").
>
> Moreover, this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. See Alexander v. Electronic

---

[1] In Brierly v. Alusuisse Flexible Packaging, Inc., the Sixth Circuit held that 28 U.S.C. 1446(b)'s one-year limitation on removal of diversity cases applies only to cases that were not initially removable. 184 F.3d 527, 535 (6th Cir. 1999).

[2] In light of Brierly, the Defendant also contends that 28 U.S.C. § 1446(b) does not preclude removal here because the initial pleading in this action was in Tennessee where the parties were completely diverse and, thus, the initial pleading was removable. However, because the Court is not persuaded that the Plaintiff's Tennessee, rather than her Kentucky, Complaint should be deemed the initial proceeding in this action, the Court need not consider the Defendant's arguments to the extent that they hinge on this proposition.

> Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); accord Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See Alexander, 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." Id. All doubts as to the propriety of removal are resolved in favor of remand. Id.

183 F.3d 488, 492-93 (6th Cir. 1999).

Here, the Plaintiff alleged the following in her Kentucky Complaint:

> 20. That Defendant, Anthem, claims to have subrogation rights against plaintiff's underinsured motorist benefits, and claims to have the rights to cut off plaintiff's future health benefits.
>
> 21. The Defendant, Anthem, has wrongfully failed to pay certain claims by Plaintiff's medical providers, and Plaintiff is entitled to recover said costs.

(DN 6, Plaintiff's Kentucky Complaint, Ex. J, ¶¶ 20-21). As a remedy for these alleged wrongs, the Plaintiff asked for monetary damages and asked the Todd County Circuit Court to declare that Anthem had "no right to recover any amounts paid as a result of the automobile accident..." (Id.). In its Answer, Anthem asserted a counter-claim for a Declaration of Rights and asked the court to determine the rights Anthem had to the funds already recovered by the Plaintiff from the other driver in the automobile accident. Following a mediation of these claims, the Plaintiff agreed to pay Anthem $30,000 to settle Anthem's claims against her for subrogation.(DN 6, Kentucky Settlement Agreement, Ex. M).

Countryway argues that Anthem was improperly joined as a defendant and should be re-aligned as an intervening plaintiff because Anthem was subrogated, by law and by contract, to the rights of the Plaintiff to recover medical expenses resulting from the April 15, 1999, automobile

5

accident which had been paid on the Plaintiff's behalf.  This argument, however, fails to recognize that the Plaintiff brought suit against Anthem for the relinquishment of Anthem's subrogation rights and for money damages related to Anthem's alleged failure to pay certain medical claims.  Indeed, for the Court to find that Anthem was wrongly joined as a defendant in the Kentucky action, Countryway must establish that there was no colorable basis for predicting that the Plaintiff could recover under either of the claims asserted by the Plaintiff against Anthem. And, although Countryway makes much of the fact that the Plaintiff eventually agreed to pay Anthem $30,000, this result in no way establishes that the Plaintiff did not have a cause of action against Anthem under state law.  Thus, the Court concludes that Countryway has failed to meet its burden of establishing that Anthem, the only non-diverse defendant, was improperly joined.

Therefore, the Court holds that the initial pleading in Todd County Circuit Court was not initially removable since complete diversity did not exist at the time it was filed.[3]  Because more than one year has passed since the Plaintiff's initial pleading was filed in state court, the Court holds that 28 U.S.C. 1446(b) prohibits removal at this time.

---

[3] Because the Court holds that original action was not initially removable, the Court need consider Countryway's arguments to the extent that they are premised upon a finding to the contrary.  Countryway recognizes in its brief that its argument regarding the "revival exception" to 1446(b) would only be relevant if the Court were to hold that the case was initially removable.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is **GRANTED**. **IT IS SO ORDERED.**

Joseph H. McKinley, Jr., Judge
United States District Court

May 23, 2008

cc: Counsel of Record
    Todd Circuit Court